# LAW OFFICES OF RAMON MASSO-FLORES
### 3 Melanie Dr. Waterford CT 06385
### 603-988-3122

**Ramón Massó-Flores, Esq.**
**Attorney**
**603.988.3122**
massolawoffice@gmail.com
**BBO No. 680929**

June 11, 2020

CREDIT CONTROL SERVICES, INC.          *VIA CERTIFIED MAIL ITEM NO.*
DBA CREDIT COLLECTION SERVICES          *7015 1520 0003 0611 2176*
C T CORPORATION SYSTEM                  *7015 1520 0003 0611 2169*
155 Federal Street, Suite 700
Boston, MA 02110

Steven Sands
CREDIT CONTROL SERVICES, INC.
725 Canton Street
Norwood, MA 02062

Re:    CCS File No.: 78888787-5-L10C90

_____
                                    )
Ruben Camacho                       )
Plaintiff                           )
                                    )
v.                                  )
                                    )     **Case No.: 2062 SC 001068**
CREDIT CONTROL SERVICES, INC.       )
DBA CREDIT COLLECTION SERVICES, and )
Steven Sands, Individually          )
       Defendants                   )
_____   )

Dear CCS and Mr. Sands,

The attached lawsuit has been filed against the above parties in Worcester District Court. The court will mail the official Statement of Claim.  This package includes a Supplement to the Complaint and Exhibits. Mr. Camacho's primary focus is to obtain financing, and to ensure this unverified debt never resurfaces. This settlement demand includes the following:

1.  Cancel the alleged debt and/or ensure the debt never returns, thru <u>any</u> party.
2.  Pay damages to Mr. Camacho of $300 (temporarily discounted).
3.  Pay attorney fees and court costs of $1,700 (temporarily discounted).

This offer will expire if no acceptance is given via email by Friday, June 19, 2020, and will increase by $500 every ten (10) days thereafter until this matter is settled and/or decided by the court.  Payment must be made no later than fourteen (14) days from the date of your acceptance.

Sincerely,

Ramón Massó-Flores, Esq.
Attorney at Law

| STATEMENT OF SMALL CLAIM AND NOTICE | DOCKET NO. (For Court Use Only) | Trial Court of Massachusetts Small Claims Session |  |
|---|---|---|---|

**NOTICE TO PLAINTIFF:** You may file your small claim only in the court for the area where either the plaintiff or the defendant lives or has a place of business or employment. A small claim against a landlord arising from the rental of an apartment may also be brought where the apartment is located. You may find it easier to enforce a decision in your favor if you bring your small claim where the defendant lives or works, but you are not required to do so.

**COURT DIVISION WHERE THE PLAINTIFF IS FILING THIS CLAIM (Select Only One Court)**

Reset Court

BMC:

District: Worcester District Court

Housing:

| **PLAINTIFF INFORMATION:** The person filing the claim is the plaintiff. | **PLAINTIFF'S ATTORNEY** (if any) |
|---|---|
| Pltf. Name: Ruben Camacho | Atty. Name: Ramon Masso-Flores, Esq. |
| Address: ▓▓▓▓▓▓▓ | Address: 3 Melanie Drive |
| City/State/Zip: ▓▓▓▓▓▓▓ | City/State/Zip: Waterford, CT 06385 |
| Phone No.: ▓▓▓0289 | Phone No.: 603-988-3122    BBO NO: 680929 |

**DEFENDANT(S) INFORMATION:** The person or corporation being sued is the defendant. If you are suing a company which is not a corporation, you should name the owner(s) doing business as the named company as the defendant; the names of the owner(s) can be obtained from the City or Town Clerk where the company's offices are located. If you are suing a company which is a corporation, you must have the exact legal name. You can find this information from the Corporate Records Division of the Secretary of State's Office, One Ashburton Place, Room 1712, Boston, MA 02108.

| Def. #1 Name: CREDIT CONTROL SERVICES, INC. | Def. #2 Name: Steven Sands |
|---|---|
| Address: 155 Federal Street, Suite 700 | Address: 725 Canton Street |
| City/State/Zip: Boston, MA 02110 | City/State/Zip: Norwood, MA 02062 |
| Phone No.: ▓▓▓2000 | Phone No.: ▓▓▓2000 |

**PLAINTIFF'S CLAIM:** Fill in below the amount you are suing for and briefly explain your claim. State your claim clearly so the defendant can understand why he or she is being sued. Give the date of the event that is the basis of your claim. Fill in as "costs" the amount of the filing fee. The Plaintiff claims that the Defendant(s) OWE **$4,500.00** plus **$ 100.00** court costs for the following reasons:

Plaintiff seeks treble damages, attorney's fees and costs as allowed by G.L. c.93A.
- Defendant failed to make a reasonable offer of settlement to plaintiff's c.93A demand letter.
Plaintiff will serve to Defendants a Supplement to the Complaint to accompany this Notice.
Defendants failed to cease collection of a disputed/unverified debt, in violation of FDCPA and G.L. c.93A § 2.
Defendant failed to conduct a reasonable investigation of plaintiff's dispute, in violation of 15 USC § 1681s-2(b).
Plaintiff seeks actual damages, treble damages, atty fees and costs as allowed by G.L. c.93A.
Plaintiff seeks actual and statutory damages, atty fees and costs as allowed by FDCPA 15 USC § 1692k
Plaintiff seeks actual and statutory damages, atty fees and costs as allowed by FCRA 15 USC § 1681n and o.

SIGNATURE OF PLAINTIFF: X  /s/ Ramon Masso-Flores          DATE: 5/18/2020

**MEDIATION:** Mediation of this claim may be available if both parties agree to discuss the matter with a mediator, who will assist the parties in trying to resolve the dispute on mutually agreed to terms. The plaintiff must notify the court if he or she desires mediation; the defendant may consent to mediation on the trial date. The plaintiff is willing to attempt to settle this claim through mediation: ☐ YES  ☒ NO

**MILITARY AFFIDAVIT:** The plaintiff states under the pains and penalties of perjury that the:

☒ above defendant(s) is (are) not serving in the military and at present live(s) or works at the above address.

☐ above defendant(s) is (are) serving in the military.    ☐ I am unsure if the above defendant(s) is (are) in the military.

SIGNATURE OF PLAINTIFF: X  /s/ Ramon Masso-Flores          DATE: 5/18/2020

**INSTRUCTIONS TO PLAINTIFF:** "By E-Filing this form, which includes the military affidavit, you certify that the above information is true and accurate. By completing this form, together with a payment of the filing fee, the form will be submitted to the court electronically. If you do not know where to file your Small Claims case visit: www.mass.gov/courthouse-locator. If a claim arises out of plaintiff's trade or commerce, or for assigned debt, you may be required to complete and file a "Verification of Defendant's Address" form."

| **VERIFICATION OF DEFENDANT'S ADDRESS** BY PLAINTIFF IN TRADE OR COMMERCE OR PURSUING ASSIGNED DEBT | DOCKET NO.: 2062SC001068 |  **Trial Court of Massachusetts** |  |
|---|---|---|---|

**PLAINTIFF(S)**
Ruben Camacho

**COURT NAME (Select Only One Court):**

BMC: _____

District: Winchendon District Court

Housing: _____

**DEFENDANT(S)**
CREDIT CONTROL SERVICES, INC.
DBA CREDIT COLLECTION SERVICES

**ADDRESS OF DEFENDANT(S)**  ☐ Residential  ☒ Mailing

C T CORPORATION SYSTEM

155 Federal Street

Suite 700

Boston, MA 02110

*This form must be filed along with the Complaint for any claim incurred in the course of plaintiff's trade or commerce, or for assigned debt. Use separate forms for multiple defendants if they have different addresses.*

---

**Pursuant to Uniform Small Claims Rule 2(b) and Joint Standing Order 2-15, upon personal knowledge, the defendant's address shown above has been verified in the following manner:**

---

| *Check at least one of these methods:* | ☐ Verified with the following municipal record within the past 12 months: *Municipal Record (e.g. street list or tax records):* _____ _____ Date verified: _____ |
| | ☐ Verified with Registry of Motor Vehicles records within the past 12 months. Date verified: _____ |
| | ☐ Verified by receipt of correspondence from the defendant with that return address within the past 12 months. Date correspondence received: _____ |
| | ☐ Other verification from the defendant within the past 12 months that address is current: Describe: _____ |
| **OR** *Check at least two of these methods:* | ☐ A letter was mailed to the defendant at the above address by first class mail on: *Date within 6 months, and at least 4 weeks before filing this civil action:* _____ and has not been returned to sender by the postal service. |
| | ☒ Verified using the following online database (other than white pages or other unpaid general telephone directory) within the past 6 months: *Name and source of database:* Mass. Secretary of State - Resident Agent address |
| | ☒ Verified with an additional source, specifically: Registered Agent confirmed this address verbally on May 18, 2020 |

---

| **DATE SIGNED** 05/18/2020 | **PLAINTIFF OR PLAINTIFF'S ATTORNEY** *(SIGNED UNDER THE PENALTIES OF PERJURY)* X /s/ Ramon Masso-Flores |
|---|---|

| **VERIFICATION OF DEFENDANT'S ADDRESS** BY PLAINTIFF IN TRADE OR COMMERCE OR PURSUING ASSIGNED DEBT | **DOCKET NO.:** 2062SC001068 |  **Trial Court of Massachusetts** |  |
|---|---|---|---|

| **PLAINTIFF(S)** Ruben Camacho | **COURT NAME (Select Only One Court):** |
|---|---|
| | **BMC:** _____ |
| **DEFENDANT(S)** Steven Sands | **District:** Worcester District Court |
| | **Housing:** _____ |

| **ADDRESS OF DEFENDANT(S)** ☐ Residential ☒ Mailing 725 Canton Street Norwood, MA 02062 | *This form must be filed along with the Complaint for any claim incurred in the course of plaintiff's trade or commerce, or for assigned debt. Use separate forms for multiple defendants if they have different addresses.* |
|---|---|

**Pursuant to Uniform Small Claims Rule 2(b) and Joint Standing Order 2-15, upon personal knowledge, the defendant's address shown above has been verified in the following manner:**

| *Check at least one of these methods:* | ☐ Verified with the following municipal record within the past 12 months: *Municipal Record (e.g. street list or tax records):* _____ _____ *Date verified:* _____ |
|---|---|
| | ☐ Verified with Registry of Motor Vehicles records within the past 12 months. *Date verified:* _____ |
| | ☒ Verified by receipt of correspondence from the defendant with that return address within the past 12 months. *Date correspondence received:* ____ 04-23-2020 ____ |
| | ☐ Other verification from the defendant within the past 12 months that address is current: *Describe:* _____ |

| **OR** *Check at least two of these methods:* | ☒ A letter was mailed to the defendant at the above address by first class mail on: *Date within 6 months, and at least 4 weeks before filing this civil action:* ____ 04-17-2020 and has not been returned to sender by the postal service. |
|---|---|
| | ☒ Verified using the following online database (other than white pages or other unpaid general telephone directory) within the past 6 months: *Name and source of database:* Mass. Sec. of State - Corp. officer mailing address |
| | ☒ Verified with an additional source, specifically: Resident Agent confirmed verbally on May 18, 2020 that the corporate filing on the Sec. of State database is current and accurate |

| **DATE SIGNED** 05/18/2020 | **PLAINTIFF OR PLAINTIFF'S ATTORNEY** *(SIGNED UNDER THE PENALTIES OF PERJURY)* **X** /s/ Ramon Masso-Flores |
|---|---|

## COMMONWEALTH OF MASSACHUSETTS
## WORCESTER DISTRICT COURT
## SMALL CLAIMS DIVISION

| | |
|---|---|
| Ruben Camacho )<br>    Plaintiff )<br> )<br>v.                              . ) | **Case No.: 2062 SC 001068** |

Ruben Camacho )
    Plaintiff )
 )
v.                              . )                    **Case No.: 2062 SC 001068**
 )
CREDIT CONTROL SERVICES, INC. DBA )
CREDIT COLLECTION SERVICES, and )
Steven Sands, Individually )
    Defendants )

## ADDENDUM A - SUPPLEMENT TO THE COMPLAINT

Plaintiff Ruben Camacho brings this action as a result of defendant's conduct in attempting to collect an alleged consumer debt, in violation of the Fair Debt Collections Practices Act ("FDCPA") and G.L. c.93A, section 2, the Massachusetts Consumer Protection Act. Plaintiff seeks actual, statutory and treble damages, costs and reasonable counsel fees. The conduct of defendant further violated the Fair Credit Reporting Act ("FCRA"), where plaintiff seeks actual and statutory damages, and for costs and reasonable attorney fees.

### Parties

1.  Plaintiff Ruben Camacho ("Camacho") is an individual who at all times relevant to this complaint has resided in Worcester, Worcester County, Massachusetts.

2.  Defendant CREDIT CONTROL SERVICES, INC. DBA CREDIT COLLECTION SERVICES ("CCS") is on information and belief a business corporation organized under the laws of Delaware with a principal place of business in Norwood, MA. At all times relevant to this complaint, CCS was engaged in trade or commerce.

3.  Defendant Steven Sands ("Sands") is an individual who on information and belief resides in Norwood, MA.

### Jurisdiction

4.  The transactions and events which are the subject matter of this complaint all occurred within the County of Worcester, Commonwealth of MASSACHUSETTS.

5.  This court has personal jurisdiction pursuant to Mass.Gen.Laws. c.223A §3. Specifically, that the defendants (a) transacted business in this commonwealth; (b) contracted to supply services or things in this commonwealth; (c) caused tortious injury by an act or omission in

this commonwealth; and (d) caused tortious injury in this commonwealth by an act or omission outside this commonwealth while doing and soliciting business, or otherwise engaged in a persistent course of conduct, or derived substantial revenue for services rendered in this commonwealth.

### Statement of Facts

6. On February 24, 2019, plaintiff saw a collection account on his credit reports by defendant CCS. This was the first time he discovered the existence of the alleged debt.

7. Said account concerned and related to a debt allegedly owed by plaintiff for an insurance bill, and as such was a "consumer debt", i.e., one incurred primarily for personal, family, or household purposes.

8. CCS is a "debt collector" within the scope of 15 USC § 1692a(6) and 209 CMR § 18.02 as it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9. On or around March 3, 2020, plaintiff mailed to CCS a letter disputing the debt, which included a request for materials required by 209 CMR § 18.18(3)(a) and (b) to validate the alleged debt. (Exhibit "A").

10. At no time did CCS mail plaintiff a response or provide any materials to validate the debt.

11. On March 18, 2020, plaintiff disputed the unverified debt with the credit reporting agencies.

12. The credit reporting agencies communicated plaintiff's dispute to CCS.

13. Between late March and early April of 2020, CCS falsely instructed the credit bureaus that the unverified debt was "verified" as accurate.

14. Plaintiff was subsequently denied credit where decisions were based wholly or in part by defendant's unverified debt that continued to be published by CCS on his credit reports.

15. On or around April 17, 2020, plaintiff's attorney mailed to CCS a demand letter pursuant to G.L. c.93A. That letter reasonably described defendant's violations of law described in paragraphs 10 and 13, above, and demanded that CCS (a) remove the tradeline from all credit reports, (b) cancel the alleged debt and/or ensure it does not resurface thru any other party, and (c) pay plaintiff's reasonable attorney fees. (Exhibit "B").

16. On or around April 23, 2020, CCS mailed to plaintiff's attorney a form letter in lieu of a c.93A Reply. Said form letter failed to include a reasonable offer of settlement pertaining to the relief sought in plaintiff's c.93A demand. CCS simply wrote that it will delete the tradeline from plaintiff's credit reports, with no mention that the unverified debt would be canceled and/or would not resurface thru any other party, nor did the letter mention that CCS would pay plaintiff's reasonable attorney fees (Exhibit "C").

17. CCS uses the same form letter in paragraph 16 in lieu of c.93A Replies in the ordinary course of its business, including for other consumers represented by plaintiff's counsel for precisely the same violations described in this complaint.

18. On or around April 30, 2020, plaintiff mailed to CCS a second demand in response to its insufficient c.93A Reply. Plaintiff gave CCS another opportunity to agree to the terms of the original c.93A demand, or face suit (Exhibit "D").

19. CCS failed to make a reasonable offer of settlement to plaintiff's second letter dated April 30, 2020.

## COUNT I

20. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

21. By allegedly "verifying" a disputed debt to the credit reporting agencies that had not been validated, CCS failed to "cease collection of the debt" before reinitiating collection activity, in violation of 15 USC § 1692g(b).

> "Until the debt was verified, all further attempts to collect on the debt, including defendants' September 3rd letter and any subsequent reports to the credit reporting agencies, violated § 1692g(b)." *Semper v. JBC Legal Group,* 2005 WL 2172377, *4 (W.D. Wash. 2005) [emphasis added]. The Sixth Circuit "assume[d] without deciding that the debt collector's reporting of the debt to the credit reporting agency after receiving, but not responding to, a request for verification constituted "collection activity." *Purnell,* 303 Fed. Appx. At 304 n.5.

22. At all times relevant to this complaint, defendant Steven Sands was President, Treasurer, Secretary and Director of CCS.

23. On information and belief, Steven Sands had control in formulating, approving, ratifying, and/or implementing the policy of CCS in failing to cease collection of debts that have not been validated, in violation of 15 USC § 1692g(b).

24. Steven Sands directs CCS to violate 15 USC § 1692g(b) in the ordinary course of business, as demonstrated not only with plaintiff, but with other consumers represented by plaintiff's attorney.

25. The FDCPA allows for personal liability to individuals who control and/or have authority in conduct that violates 15 USC 1692 *et seq.*

> "In light of the undisputed evidence regarding the Corporate Defendants' operations and Briandi's relationship with them, we

conclude that he had both sufficient authority over the Corporate Defendants, and knowledge of their practices, to be held individually liable for their misconduct as a matter of law." *FTC v. Federal Recoveries, LLC et al.* No. 16-3811-(L) (2nd Cir. Jan 2019).

26. As a result of the conduct, action and inaction of defendants CCS and Sands, plaintiff suffered actual damages including, without limitation, denial of credit, credit damage, reduction in credit score, damage to reputation, unfavorable interest rates and terms, embarrassment, humiliation, and other emotional and mental distress.

WHEREFORE, plaintiff prays that this court enter judgment awarding him actual damages, statutory damages, interest, costs, and attorney's fees, all as provided by law.

## COUNT II

27. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

28. CCS failed to provide materials required by 209 CMR § 18.18(3) "within five business days the following:"

(a) All papers or copies of papers and electronic records, in the possession of the debt collector which bear the signature of the consumer and which concern the debt being collected; and

(b) A ledger, account card, or similar record in the possession of a debt collector, whether paper or electronic, which reflects the date and amount of payments, credits, and charges concerning the debt.

29. The failure of CCS to cease collection of the disputed debt before providing the materials required by 209 CMR § 18.18(3) is an unfair or deceptive act or practice, in violation of G.L. c.93A § 2.

30. As a result of the conduct, action and inaction of defendant, plaintiff suffered actual damages including, without limitation, denial of credit, credit damage, reduction in credit score, damage to reputation, unfavorable interest rates and terms, embarrassment, humiliation, and other emotional and mental distress.

WHEREFORE, plaintiff prays that this court enter judgment awarding him actual damages, interest, costs, and attorney's fees, all as provided by law.

## COUNT III

31. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

32. On or around April 17, 2020, plaintiff sent to CCS via certified mail, return receipt requested, a demand for relief under section 9 of G.L. c. 93A, the Massachusetts Consumer Protection

Act.  Said demand reasonably described the violations of law set forth in paragraphs 10 and 13, above, and the injuries suffered.

33. On or around April 23, 2020, CCS mailed to plaintiff's attorney a form letter in lieu of a c.93A Reply.  Said form letter failed to include a reasonable offer of settlement pertaining to the relief sought in plaintiff's c.93A demand.

34. CCS's misconduct as alleged in paragraphs 10, and 13, above, was willful and knowing.

35. The failure of CCS to grant relief upon demand was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A, § 2.

WHEREFORE, plaintiff prays that this court enter judgment awarding him actual damages; doubling or trebling any actual damages awarded; interest, costs, and attorney's fees, all as provided by law.

## COUNT IV

36. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

37. As set forth above, CCS reported inaccurate and/or unsubstantiated information regarding plaintiff to one or more credit reporting agencies.

38. Plaintiff disputed this unsubstantiated information to Experian, Equifax and TransUnion.

39. The credit reporting agencies conveyed these disputes to CCS.

40. The failure of CCS to mail account-level documentation to plaintiff can only be construed that it did not have these materials when it allegedly "verified" the unverified account to the credit reporting agencies.

41. CCS violated 15 U.S.C. §1681s-2(b)(1)(A) for failing to conduct a "reasonable investigation" of the plaintiff's disputes of the CCS tradeline reporting after receipt of notice of such dispute from one or more consumer reporting agency.

> "A jury could also find that because [the debt collector] retained the right to seek account-level documentation through its agreements with [the creditors] [it] behaved unreasonably when it reported the accounts as 'verified' without first exercising those rights." *Hinkle v. Midland Credit Management, Inc., et al* No. 3:2013cv00033 (S.D. Ga. 2015)

42. CCS violated 15 U.S.C. §1681s-2(b)(1)(C) and (D) by failing to report the results of a full and proper investigation of Plaintiff's dispute to one or more consumer reporting agency.

43. CCS violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to modify, delete and/or permanently block the reporting of unverifiable information to one or more consumer reporting agency.

44. As a result of the conduct, action and inaction of CCS, plaintiff suffered actual damages including, without limitation, multiple denials of credit, credit damage, reduction in credit score, damage to reputation, unfavorable interest rates and terms, embarrassment, humiliation, and other emotional and mental distress.

45. CCS's conduct, action and inaction were reckless and willful, rendering CCS liable for statutory damages pursuant to 15 U.S.C. § 1681n.

46. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from  CCS in an amount to be determined by this Court pursuant to 15 U.S.C. §§ 1681n and o.

    WHEREFORE, Plaintiff prays that this court enter judgment for actual damages and statutory damages against Defendant; attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

RUBEN CAMACHO

By his attorney:

Ramon Masso-Flores, Esq.
BBO: 680929
3 Melanie Drive
Waterford, CT 06385
603-988-3122
massolawoffice@gmail.com

Ruben Camacho )
    Plaintiff )
     )
vs. )    **Case No.: 2062 SC 001068**
     )
CREDIT CONTROL SERVICES, INC. DBA )
CREDIT COLLECTION SERVICES, and )
Steven Sands, Individually )
    Defendants )

## PRAYER FOR RELIEF

1. Statutory damages of $1,000 pursuant to the FDCPA 15 USC § 1692k(a)(1)(A).

2. Statutory damages of $500 per violation, for a total of $1,500 pursuant to the FCRA 15 USC § 1681n(a)(1)(A). *The FCRA allows for $1,000 per violation.*

3. Actual damages of $2,000 for economic and non-economic injuries as allowed by G.L. c.93A; 15 USC § 1681o and 15 USC § 1692k(a)(1) including:

   a) Denial of credit.
   b) Damage to credit worthiness, credit score and reputation.
   c) Humiliation and defamation of character.
   d) Anxiety and Emotional Distress.
   e) Unfavorable rates and terms as a result of the Defendant's unlawful credit reporting.

4. Treble damages on all but FCRA claims for the Defendant's failure to make a reasonable offer of settlement to plaintiff's demand for relief pursuant to G.L. c.93A.

5. Reasonable attorney fees and costs, as allowed by 15 USC § 1692k(a)(3), 15 USC § 1681n(a)(3), and G.L. c.93A.

6. For such other and further relief that this court deems just and proper.

RUBEN CAMACHO
By his attorney:

Ramon Masso-Flores
BBO: 680929
3 Melanie Drive
Waterford, CT 06385
603-988-3122
massolawoffice@gmail.com

# Exhibit A

# REQUEST FOR VALIDATION OF DEBT

Ruben Camacho
22 Radmore Street Apt 1
Worcester, MA 01602

*Sent by Certified Mail Receipt No.: 7018 1830 0000 0840 5256*

CREDIT COLLECTION SERVICE
PO Box 607
Norwood, MA 02062

March 3, 2020

Re:     Account Number: 7888xxxx
        Last 4-digits of my SSN: ▆▆▆

To Whom It May Concern:

I did not discover the above referenced account until I recently saw it on my credit report. I was given no opportunity to dispute the debt, so I am disputing it now. Please note that Massachusetts imposes greater requirements than the FDCPA for debt collectors to validate debts:

<u>Please provide the following materials **within five (5) business days** as required by Massachusetts law 209 CMR § 18.18(3):</u>

>      (3) A debt collector shall provide to a consumer or any attorney for a consumer within five business days the following:
>
>>           (a) All papers or copies of papers and electronic records, in the possession of the debt collector which bear the signature of the consumer and which concern the debt being collected; and
>>
>>           (b) A ledger, account card, or similar record in the possession of a debt collector, whether paper or electronic, which reflects the date and amount of payments, credits, and charges concerning the debt.

Please note that under 209 CMR § 18.18(2), "....the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt..." which "is mailed to the consumer." The failure to cease collection of a disputed debt that has not been validated is a violation of the FDCPA and an unfair or deceptive act or practice pursuant to 209 CMR § 18.18(2) and M.G.L. c. 93A § 2.

## NOTICE OF MY INTENT TO INVOLVE THE CREDIT BUREAUS

This is not a direct dispute under the Fair Credit Reporting Act (FCRA).  This is a notice that I intend on disputing the account thru the credit reporting agencies.

1.  **I have no records to match the information you placed on my credit reports, so I will dispute the account as follows:**

    (a)  I have no knowledge of the account, and/or
    (b)  You failed to validate the debt (if you are unable to do so by the time I dispute it).

2.  **The credit bureaus will communicate my dispute to you.**

    As mentioned on page 1 of this letter, Mass. law requires that you mail me account level documentation to validate the debt.  **If you do not provide me with all of the materials as required by 209 CMR 18.18(3)** and/or if you do not possess it while verifying the disputed account thru the credit bureaus, this will be a violation of the FDCPA and MGL c.93A sec. 2 for your failure to "cease collection of the debt", as well as a violation of the FCRA for your failure to conduct a "reasonable investigation".

    > "A jury could also find that because [the furnisher] retained the right to seek account-level documentation through its agreements with [the creditors] [it] behaved unreasonably when it reported the accounts as 'verified' without first exercising those rights." _Hinkle v. Midland Credit Management, Inc., et al_ No. 3:2013cv00033 (S.D. Ga. 2015)

3.  **If you verify unsubstantiated information to the credit bureaus, I will:**

    (a)  file a complaint with the CFPB,
    (b)  file a complaint with the Mass. Attorney General, and/or
    (c)  hire an attorney and sue you violations of state and federal law.

Please keep all correspondence in writing.  Thank you for your time and attention to this matter.

Respectfully,

Ruben Camacho

ALERT: DUE TO LIMITED TRANSPORTATION AVAILABILITY AS A RESULT OF NATIONWIDE CO...

# USPS Tracking®

FAQs >

### Track Another Package  +

**Tracking Number:** 70181830000008405256

Remove ✕

Your item has been delivered to an agent at 10:57 am on March 9, 2020 in NORWOOD, MA 02062.

## ⊘ Delivered

March 9, 2020 at 10:57 am
Delivered, To Agent
NORWOOD, MA 02062

Feedback

| Tracking History | ⌄ |

| Product Information | ⌄ |

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

# Exhibit
# B

# LAW OFFICES OF RAMON MASSO-FLORES
### 237 Park Ave  Worcester, MA 01609
### 603-988-3122

**Ramón Massó-Flores, Esq.**
**Attorney**
**603.988.3122**
massolawoffice@gmail.com
**BBO No. 680929**

April 17, 2020

CREDIT COLLECTION SERVICES
725 CANTON STREET
NORWOOD, MA 02062

*VIA CERTIFIED MAIL ITEM NO. 7019 2970 0002 0485 6022*

Re:     ACCOUNT NO. 7888XXXX
        RUBEN CAMACHO V. CREDIT COLLECTION SERVICES
        LAST 4-DIGITS OF CAMACHO SSN: █████

To whom it may concern,

My office represents Mr. Ruben Camacho. Please be advised that this is a demand for relief pursuant to the Massachusetts Consumer Protection Act, G.L. c. 93A.

## SEQUENCE OF EVENTS

On February 24, 2020, Mr. Camacho pulled his credit reports and saw a collection account reported by your company.  This was the first time he discovered the existence of the alleged debt.

On March 3, 2020, Mr. Camacho disputed the alleged debt by certified mail, requesting the materials required by 209 CMR § 18.18(3) to validate the debt.  You did not respond to that letter.

On March 18, 2020, Mr. Camacho disputed the unverified account through the credit bureaus. You advised the credit bureaus that you "verified" the account as accurate.

## SPECIFIC VIOLATIONS

## 1.  VIOLATION OF FDCPA 15 USC § 1692g

By "verifying" the account to the credit reporting agencies before you validated the debt, you failed to cease collection of the debt before reinitiating collection activity, in violation of 15 USC § 1692g.

> "Until the debt was verified, all further attempts to collect on the debt, including defendants' September 3rd letter and any subsequent reports to the credit reporting agencies, violated §

## LAW OFFICES OF RAMON MASSO-FLORES
### 237 Park Ave Worcester, MA 01609
### 603-988-3122

1692g(b)." Semper v. JBC Legal Group, 2005 WL 2172377, *4 (W.D. Wash. 2005) [emphasis added]. The Sixth Circuit "assume[d] without deciding that the debt collector's reporting of the debt to the credit reporting agency after receiving, but not responding to, a request for verification constituted "collection activity." Purnell, 303 Fed. Appx. At 304 n.5.

## 2. VIOLATION OF MASS. DIVISION OF BANKS DEBT COLLECTION REGULATIONS 209 CMR § 18.18(3) and MGL c.93A § 2

You failed to cease collection of the debt before providing the required materials within five (5) business days, in violation of 209 CMR § 18.18(3) *et seq.* and MGL c.93A § 2.

> (3) A debt collector shall provide to a consumer or any attorney for a consumer within five business days the following:
>
>> (a) All papers or copies of papers and electronic records, in the possession of the debt collector which bear the signature of the consumer and which concern the debt being collected; and
>>
>> (b) A ledger, account card, or similar record in the possession of a debt collector, whether paper or electronic, which reflects the date and amount of payments, credits, and charges concerning the debt.

## 3. VIOLATION OF FCRA 15 USC § 1681s-2(b)

Your failure to provide account-level documentation to validate the debt can only be construed that you had no such materials to rely on when you purportedly "verified" the account to the credit bureaus, in violation of the FCRA 15 USC § 1681s-2(b):

> "A jury could also find that because [the debt collector] retained the right to seek account-level documentation through its agreements with [the creditors] [it] behaved unreasonably when it reported the accounts as 'verified' without first exercising those rights." *Hinkle v. Midland Credit Management, Inc., et al* No. 3:2013cv00033 (S.D. Ga. 2015)

## DAMAGES

Your unfair and/or deceptive acts altogether with your violations of the laws of the United States and the Commonwealth of Massachusetts have caused irreparable harm and injury to Mr. Camacho and resulted in damages including financial losses. More specifically, you are responsible for:

1. Damage to his credit worthiness as reflected in reports from credit reporting agencies.

## LAW OFFICES OF RAMON MASSO-FLORES
### 237 Park Ave  Worcester, MA 01609
### 603-988-3122

2. Denial of credit.
3. Unfavorable credit terms.
4. Humiliation and defamation of character.
5. Anxiety and severe emotional distress.

Your actions merit a lawsuit on behalf of our client seeking actual and statutory damages (which may be trebled as deemed by the statute).  In spite of these egregious violations, Mr. Camacho is currently seeking financing.  Therefore, to avoid litigation, Mr. Camacho hereby makes demand as follows:

1. Delete the trade-line from all credit bureaus.
2. Cancel the alleged debt and/or ensure the alleged debt never resurfaces through another party.
3. Pay the amount of $550.00 in attorney fees incurred to date. (This amount will greatly increase if litigation is required).

Chapter 93A gives you the opportunity to make a good-faith response to this letter within thirty (30) days. Your failure to do so could subject you to statutory damages, treble damages, and additional attorney fees and costs should legal action be brought against you.

<u>Note</u>: If it is in fact your policy to "verify" information to credit bureaus without account-level documentation in your possession, Mr. Camacho may consider class-action certification.

**IGNORE THIS COMMUNICATION AT YOUR PERIL**

Very truly yours,

Ramón Massó-Flores, Esq.
Attorney at Law

ALERT: DUE TO LIMITED TRANSPORTATION AVAILABILITY AS A RESULT OF NATIONWIDE CO...

# USPS Tracking®

**FAQs >**

Track Another Package **+**

**Remove ✕**

**Tracking Number: 70192970000204856022**

Your item has been delivered to an agent for final delivery in NORWOOD, MA 02062 on April 20, 2020 at 10:19 am.

## ☑ Delivered to Agent

April 20, 2020 at 10:19 am
Delivered to Agent for Final Delivery
NORWOOD, MA 02062

Feedback

| Tracking History | ⌄ |
| --- | --- |

| Product Information | ⌄ |
| --- | --- |

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

# Exhibit C



# CREDIT COLLECTION SERVICES

725 Canton Street, Norwood, MA 02062
Self-service: www.ccspayment.com
Monday - Friday: 8:00AM-8:00PM, Saturday: 9:00AM-5:30PM, ET

**CALL CENTER: (617) 581-1076**

33709 1 AB 0.416 T 99
RAMON MASSO FLORES
LAW OFFICES
237 PARK AVE
WORCESTER MA 01609-1998

04/23/20

Regarding: **RUBEN CAMACHO**
Creditor: **LIBERTY MUTUAL**
Account Number: ██████████4019
CCS File Number: ████████0C90

Dear Attorney:

The above referenced account is now closed with this office. Furthermore, we have instructed any credit reporting agency (CRA) in which this account was reported to delete the account. We cannot control the speed in which they will act upon our request. We recommend checking back with the CRA(s) in approximately thirty (30) days to confirm the deletion of this account.

If you are representing this client on any additional accounts with our office, we ask that you please provide a list to ensure we notate your representation. A copy of a CCS notice or a copy of your client's credit report (reflecting our file information) will assist us in locating the specific files. If we do not hear back from you, we will trust that there are no additional CCS accounts in which you represent your client.

We trust this resolves your concerns. This communication was sent by a debt collector.

Sincerely,

Credit Collection Services (CCS)

# Exhibit
# D

# LAW OFFICES OF RAMON MASSO-FLORES
### 237 PARK AVE WORCESTER MA 01609
### 603-988-3122

Ramón Massó-Flores, Esq.
Attorney
603.988.3122
massolawoffice@gmail.com
BBO No. 680929

April 30, 2020

CREDIT COLLECTION SERVICES
725 CANTON STREET
NORWOOD, MA 02062

### VIA CERTIFIED MAIL ITEM NO. 7019 2970 0002 0485 6114

Re:   CCS FILE NO.: ███████0C90
      ACCOUNT NO.███████4019
      RUBEN CAMACHO V. CREDIT COLLECTION SERVICES

To whom it may concern,

I received your reply dated April 23, 2020 to my client's c.93A demand ("Your Reply"). Your Reply is not a reasonable offer of settlement. You agreed to just one out of three requirements set forth in my client's demand letter.

1. Delete the trade-line from all credit bureaus – YOU AGREED

You made no mention of the following two (2) requirements:

2. Cancel the alleged debt and/or ensure the alleged debt never resurfaces through another party.
3. Pay the amount of $550.00 in attorney fees incurred to date (this fee will greatly increase if litigation is required).

If you fail to respond with your acceptance to the above remaining demands with payment by no later than May 10, 2020, suit will be filed. Mr. Camacho will seek:

a. Statutory damages pursuant to the FDCPA 15 USC 1692k
b. Actual damages for the following injuries:

  (i)     Damage to credit worthiness
  (ii)    Denial of credit
  (iii)   Unfavorable credit terms
  (iv)    Humiliation and defamation of character
  (v)     Anxiety and severe emotional distress

c. Treble damages on all but FCRA claims pursuant to G.L. c.93A
d. Actual and statutory damages pursuant to the FCRA 15 USC 1681n and o

We anticipate damages, reasonable attorney fees and court costs to result in a five-figure decision.

# LAW OFFICES OF RAMON MASSO-FLORES
## 237 PARK AVE WORCESTER MA 01609
### 603-988-3122

I am temporarily waiving my legal fees for drafting this response to your legally insufficent c.93A Reply.  These fees will be added if litigation is required.  In addition, beginning on May 11, 2020, this offer will increase to $2,000, with $250 added daily until this matter is settled and/or decided by the court.

Sincerely,

Ramón Massó-Flores, Esq.
Attorney at Law

ALERT: DUE TO LIMITED TRANSPORTATION AVAILABILITY AS A RESULT OF NATIONWIDE CO...

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70192970000204856114

Remove ✕

Your item has been delivered to an agent for final delivery in NORWOOD, MA 02062 on May 4, 2020 at 11:02 am.

## ⊘ Delivered to Agent

May 4, 2020 at 11:02 am
Delivered to Agent for Final Delivery
NORWOOD, MA 02062

Get Updates ⌄

---

Text & Email Updates ⌄

---

Tracking History ⌄

---

Product Information ⌄

---

See Less ∧

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.