UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUBEN CAMACHO,<br>PLAINTIFF<br><br>v.<br><br>CREDIT CONTROL SERVICES, INC. D/B/A<br>CREDIT COLLECTION SERVICES and<br>STEVEN SANDS, INDIVIDUALLY,<br><br>DEFENDANTS | C.A. No. 4:20-cv-40090-TSH |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT STEVEN SANDS MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)

PLAINTIFF, Ruben Camacho, ("Plaintiff" or "Camacho"), by and through his attorneys, the Law Offices of Ramón Massó-Flores hereby opposes Defendant's, Steve Sands ("Defendant" or "Sands") Motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and in opposition of which states as follows:

### INTRODUCTION

Plaintiff's well-pleaded Complaint sets forth the following factual allegations:

1. That Defendant Steven Sands, at all times relevant to this complaint, was President, Treasurer, Secretary, and Director of CCS.

2. On information and belief, Defendant Sands, as the sole officer of CCS, had control of all of CCS operations and policies. This includes the formulating, ratifying, and implementing all of CCS' policies and practices.

3. That under the Defendant's direction, and in the ordinary course of business, CCS routinely undertook actions that constituted violations to the FDCPA.

1

The factual allegations in the Plaintiff's Complaint are sufficient, whether directly or inferentially, to establish the material elements to entitle the Plaintiff of recovery under both the FDCPA and M.G.L. c.93A.

Plaintiff's well-pleaded Complaint alleges, on information and belief that the Defendant, having complete control of the operations of Credit Control Services, Inc. D/B/A Credit Collection Services ("CCS") in his role as President, Treasurer, Secretary, and Director of CCS. Plaintiff further alleges that Defendant's role in the control, formulation, approval, ratification, and implementation of CCS policies in violation of 15 USC § 1692g(b) and M.G.L. c93A.

Plaintiff's Complaint states sufficient factual allegations to support a plausible claim for relief. Plaintiff's allegations are context-specific and sufficient for this Honorable Court to establish, based on the Court's judicial experience, the plausibility of Plaintiff's claim for relief.

## ALLEGED FACTS

Plaintiff agrees with the facts included in the Defendant's Memorandum of Support of His Motion to Dismiss. However, Plaintiff finds it necessary to include for review his allegations against defendant Sands specifically.

Plaintiff is informed, and therefore alleges that defendant Sands is not a corporate officer of CCS, rather he is the only corporate officer of CCS. The Defendant serves in the role of President, Treasurer, Secretary, and Director of CCS. It is Plaintiff's position that this facts are sufficient in a well-pleaded complaint to for this Court to infer that the Defendant has full control of the operations of CCS.

Furthermore, Plaintiff alleges a reasonable inference can be made that by virtue of this absolute control over CCS, Defendant's direction resulting in violations of 15 USC § 1692g(b) in the ordinary course of business is conduct that establishes the Defendant's liability.

## **LEGAL STANDARD**

"In considering a motion to dismiss, a court must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiffs." Watterson v. Page, 987 F.2d 1 at 3 (1st Cir. 1993).

Plaintiff agrees with the Defendant that well-settled case law that establishes that in order to survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007). Then Defendant proceeds to cite the U.S. Supreme Court decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In *Ashcroft* the Court held that "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Plaintiff's "well-pleaded facts" establish more than the possibility of Defendant's misconduct, they set-forth the path for the court to infer the plausibility necessary to entitle the Plaintiff to relief.

In Gagliardi v. Sullivan, 513 F3d 301 (1st Cir. 2008), the Court held the standard of "heftiness" to set forth a plausible entitlement to relief. The Court held that "Gagliardi has failed to state a plausible entitlement to relief…he has not alleged sufficient well-pleaded facts" Id. at 308. However, unlike Gagliardi, here, Plaintiff pleaded sufficient facts to demonstrate if not to cause a reasonable inference linking the Defendant to the alleged wrongdoing. Plaintiff well-pleaded allegations in the complaint are not "threadbare recitals of the elements of the cause of action;" they are altogether a claim that has the "facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662 at 678.

## LEGAL ANALYSIS

### 1. Defendant Sands is Liable Under the FDCPA.

This Court held in Som v. Daniels Law Office, P.C., 573 F.Supp. 2d 349 (D Mass 2008) that "[t]o establish an individual defendant's liability for FDCPA purposes, a plaintiff must first establish that the defendant is a 'debt collector.'" Id. at 356.

"It is not enough to label a defendant a 'debt collector' the plaintiff must also allege that the defendant was personally involved in the collection of the debt at issue."

Defendant claims, citing 7th Circuit precedent in White v. Goodman, 200 F.3d 1016 (7th Cir. 2000), that Courts have held that shareholders, officers, or employees of a corporate debt collector may not be directly liable under the FDCPA, unless the plaintiff can meet the strict requirements to pierce the corporate veil. However, this Court's precedent holds that a "high ranking employee, executive or director of a collection agency may fit within the statutory definition of a debt collector." Som v. Daniels Law Offices, P.C., 573 F.Supp.2d 349 at 356. The Court's analysis in *Som* continues by holding that when "the complaint…specifically alleges that [Defendant] was personally involved in formulating, implementing, and/or ratifying…the underlying debt collection practices of [CCS], and is therefore jointly and severally liable with [CCS] for any violation of law arising from the same. These allegations, taken as true for the purposes of this motion, are sufficient to withstand a motion to dismiss." Id. at 356.

Defendant attempts to separate his role as the sole officer of CCS from its practices, however, Plaintiff factual allegations are sufficient to show, directly or by inference, that Defendant's position play a significant role in directing CCS's debt collection activities to be considered a "debt collector" and therefore liable under the FDCPA.

## 2. Defendant Sands is Liable Under the Massachusetts Consumer Protection Act M.G.L. c.93A.

Defendant claims that Plaintiff does not assert any causes of action against Defendant Sands related to the Massachusetts Consumer Protection Act, M.G.L. 93A, this assertion lacks merit. In Andrews v. South Coast Legal Services, Inc., 582 F.Supp.2d 82 (D. Mass. 2008), this court held that "[r]egulations promulgated under ch.93A, in particular 940 C.M.R. 3.16(4), make a violation of the Federal Consumer Protection Act, of which the FDCPA is a part, a *per se* violation of ch. 93A. These regulations have the force of substantive law…Since [Plaintiff] has alleged a violation of the FDCPA, [he] also has alleged sufficient facts to establish an unfair and deceptive act or practice in violation of Mass.Gen.Laws. ch.93A." Id. At 89.

In Martin v. Sands, 62 F. Supp.2d 196 (D. Mass. 1999), this Court held that "[o]n its face, 940 CMR 3.16(4) supports Plaintiff's argument that a violation of the FDCPA is a per se violation of M.G.L. ch. 93A(2). 940 CMR 3.16 provides that 'Without limiting the scope of any further rule, regulation or statute, an act or practice is a violation of M.G.L. ch.93A92) if:…(4) it violates…the Federal Consumer Credit Protection Act [of which FDCPA is a part]…" Id. At 201.

Defendant claims that Plaintiff's Complaint contains no allegations of specific conduct by Sands in the alleged FDCPA violations. In doing so, Defendant hinges his argument in the fact that the Plaintiff did not allege that Sands was involved in the processing of correspondence from Plaintiff in this matter. However, in Alves. V Daly, No. C.A. 12-10935-MLW (D. Mass. 2013), this Court held that "a plaintiff does not need to pierce the corporate veil to hold an officer of a corporation personally liable for a tort committed by the corporation that employs him, if he personally participated in the tort by, for example, directing, controlling, approving, or ratifying the act that injured the aggrieved party…Accordingly, a plaintiff can state a [claim] under Chapter 93A 'even if the [plaintiff's] complaint failed to set forth a sufficient basis for denial of

the defendants' dismissal motion on a theory of piercing the corporate veil.'"

In South Shore Hellenic Church Inc. v. Artech Church Interiors Inc., 183 F.Supp.3d 197 (D. Mass. 2016) this Court held that "[a]n officer of a corporation can be a proper defendant for purposes of a 93A claim. Officers may be held liable under chapter 93A if they are acting within the scope of their authority. An individual status as corporate officer, however, is not in itself a sufficient basis for a successful chapter 93A claim against him. Imposing liability on individual corporate officers requires either knowledge of unlawful acts or actual participation in acts made unlawful by chapter 93A." Id. at 221. Here, Plaintiff factual allegations support, directly or by inference, that by virtue of his role as the sole corporate officer for CCS, Defendant Sands in formulating, ratifying, and implementing all of CCS' policies and practices that resulted in violation of the FDCPA and consequently ch.93A, is liable under M.G.L. ch.93A.

## CONCLUSION

Based on the foregoing arguments and analysis, Plaintiff respectfully requests that this Court deny Defendant Sands' Motion to Dismiss.

Dated: July 24, 2020

Respectfully submitted,

Law Offices of Ramón Massó-Flores

/s/ Ramón Massó-Flores
Ramón Massó-Flores
BBO No. 680929
3 Melanie Dr.
Waterford, CT 06385
(603)988-3122
massolawoffice@gmail.com
*Attorneys for Plaintiff*