**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| RUBEN CAMACHO,<br>　　　　　　Plaintiff,<br>v.<br><br>CREDIT CONTROL SERVICES, INC., &<br>STEVEN SANDS,<br>　　　　　　Defendant. | CIVIL ACTION<br>NO. 4:20-40090-TSH |

**MEMORANDUM AND ORDER ON MR. SANDS' MOTION TO DISMISS (Docket No. 6)**

**August 14, 2020**

**HILLMAN, D.J.,**

Ruben Camacho filed this action against Credit Control Services, Inc. ("CCS") and Steven Sands, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Massachusetts Consumer Protection Act, M.G.L. c. 93A, § 2. Mr. Sands moves to dismiss the single claim raised against him.[1] (Docket No. 6). For the following reasons, I ***deny*** his motion.

**Discussion**

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. Am. Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir. 2000). To survive the motion, the complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v.*

---

[1] Because Counts II, III, and IV of the complaint refer solely to defendant CCS, they fail to assert any claim against Mr. Sands in his individual capacity. To the extent Mr. Camacho now wishes to pursue the claims in Counts II, III, and IV against Mr. Sands, he must move to amend his complaint.

*Twombly*, 550 U.S. 544, 559 (2007).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.  "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

      The complaint asserts a single claim against Mr. Sands: that he violated the FDCPA by failing to cease collection activities on Mr. Camacho's alleged debt.  Mr. Sands argues that the Court should dismiss this claim because the complaint does not establish that he qualifies as a debt collector in his individual capacity.  *See Som v. Daniels Law Offices, P.C.*, 573 F. Supp. 2d 349, 356 (D. Mass. 2008) ("To establish an individual defendant's liability for FDCPA purposes, a plaintiff must first establish that the defendant is a 'debt collector.'").  I disagree.  Although it is true that an individual does not become a debt collector "merely by virtue of his status as an officer, director, or shareholder" of a corporation, *see id.* at 355, Mr. Camacho asserts something more than mere status.  He pleads personal involvement in the collection of Mr. Camacho's alleged debt—specifically, that Mr. Sands (1) "formulat[ed], approv[ed], ratif[ied], and/or implement[ed]" the corporation's policy of not ceasing collection activities on disputed debt, and (2) directed CCS to violate the FDCPA in the ordinary course of its business operations.[2]  (Docket No. 1-4 at 7). And as at least one session of this Court has held that "a high ranking employee, executive or

---

[2]    Mr. Camacho admittedly does not plead that CCS was applying this policy or acting at Mr. Sands' direction when it failed to cease collection activities on his alleged debt.  Other allegations in the complaint, however, create the reasonable inference that CCS was doing so.

director of a collection agency may fit within the statutory definition of a debt collector" if he "was personally involved in the collection of the debt at issue," *see Som*, 573 F. Supp. 2d at 356, I find these allegations sufficient to plausibly establish that Mr. Sands operated as a debt collector with respect to Mr. Camacho's alleged debt. Accordingly, I ***deny*** the motion to dismiss. *See id.* (finding the allegation that the individual defendant "was personally involved in formulating, implementing, and/or ratifying the [language of the debt-collection letter] and the underlying debt collection practices of defendant law firm" sufficient to withstand a motion to dismiss).

### Conclusion

For the reasons stated above, Mr. Sands' motion is ***denied***. (Docket No. 6).

**SO ORDERED**

                                                          ***/s/ Timothy S. Hillman***
                                                          **TIMOTHY S. HILLMAN**
                                                          **DISTRICT JUDGE**